IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2236-BO

| | |
|---|---|
| YASSINE SANHAJI, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| Respondent. ) | |

Yassine Sanhaji ("petitioner") petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The State of North Carolina ("respondent") moved to dismiss the matter based on untimeliness and the filing of the petition outside the statute of limitations period [D.E. 11]. 28 U.S.C. § 2244(d)(1). Petitioner responded [D.E. 14] to the pending motion, and the motion is ripe for determination.

I. Background

Petitioner is a prisoner of the State of North Carolina. On January 25, 2008, in the District Court of Wake County, petitioner pled guilty to felony possession of marijuana and felony maintaining a dwelling for controlled substances [D.E. 15, Ex 1]. Petitioner was sentenced to a term of 4-5 months' imprisonment suspended for 12 months probation [Id.]. Petitioner was represented during the criminal proceedings by William D. Young, IV [Id.]. Petitioner did not appeal.

On August 16, 2010, petitioner filed a motion for appropriate relief (MAR) in the North Carolina District Court, Wake County [D.E.15, Ex. 3]. The MAR was denied on March 21, 2011 [Id., Ex. 4]. On September 15, 2011, petitioner, through counsel, filed a certiorari petition in the North Carolina Court of Appeals [Id., Ex. 5]. On October 3, 2011, the petition was denied [Id.,

7]. Thereafter, on November 29, 2011, petitioner dated this habeas petition and submitted it to the court.

II.   Issues

Petitioner raises seven issues: (1) ineffective assistance of counsel; (2) his attorney's "wrong advice" regarding deportation; (3) involuntary, unintelligent, and unknowing plea; (4) misleading and unconstitutional instruction by the trial judge; (5) identification procedures violating due process; (6) ineffective assistance of counsel for failure to conduct discovery and communicate with his client (petitioner); and (7) ineffective assistance of counsel regarding deportation notice and instruction [D.E. 1, Pet. and D.E. 5].

III.   Discussion

Respondent argues that the petition should be dismissed as having been untimely presented to this court. Under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), a person in custody pursuant to the judgment of a state court must file a petition for a writ of habeas corpus within one year. 28 U.S.C. § 2244(d)(1); see Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application .. is removed . . . ;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The limitations period may be tolled under section 2244(d)(1) during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 n.2 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from the initial filing until final disposition by the state courts. See Taylor, 186 F.3d at 561. However, where a petitioner seeks out-of-time (post-deadline) appellate review, tolling is not allowed for the entire post-deadline interim period but for the time in which the petition is filed and pending. See Allen v. Mitchell, 276 F.3d 183 (4th Cir. 2001); McKinnon v. Beck, No. 5:05-HC-225-H (E.D.N.C. March 15, 2006) (tolling is not allowed for the entire post-deadline interim period after a deadline has passed for filing an appeal); Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct review but before filing of post-conviction motion for appropriate relief (MAR) is not tolled from one-year period of limitation); but see Frasch v. Pequese, 414 F.3d 518 (4th Cir. 2005).

The statutory period began to run in this case on the date petitioner's judgment became final. Petitioner's judgment was entered on January 25, 2008. Petitioner then had fourteen days after entry of the judgment to file a notice of appeal. See N.C. R. App. P. 4. Because petitioner did not file a notice of appeal he is not entitled to the additional ninety (90) days to file a petition for a writ of certiorari in the United States Supreme Court. See Gonzalez v. Thaler, __ S.Ct. __, 2012 WL 43513. *10 (2012) (In Gonzalez, the Supreme Court clarified that, under § 2244(d)(1)(A), that ". . the judgment becomes final at the 'expiration of the time for seeking such review'

3

— when the time for pursuing direct review in th[e Supreme] Court, or in state court, expires."). Thus, petitioner's conviction became final on February 8, 2008, when his case became final for purposes of direct appellate review. Thereafter, petitioner's one-year period of limitation under 28 U.S.C. § 2244(d)(1) began to run, ran 365 days, and expired. Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct review but before filing of post-conviction motion for appropriate relief is not tolled from one-year period of limitation). Because nothing was in place on that date, February 9, 2009, (and in fact not until August 16, 2010, when he filed his first MAR) to toll the expiration of the limitations period, the petition is out of time.

The court shall specifically address petitioner's argument that the statute of limitations did not begin to run on the date on which his criminal judgment became final, but a later date through the use of 28 U.S.C. § 2244(d)(1)(C). In § 2244(d)(1)(C), the time begins to run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court . . ." Petitioner argues that date is the United States Supreme Court decision in Padilla v. Kentucky, 130 S. Ct. 1473 (2010), in 2010. However, petitioner's argument is flawed. While Padilla does extend the Sixth Amendment right of effective counsel and an obligation of counsel to advise his/her client that the offense to which he/she is pleading guilty would result in deportation, the case is not applicable here. Padilla, 130 S. Ct. 1478. Petitioner was in fact on notice at the time of his plea of his potential deportation due to the plea and conviction. See D.E. 12, Ex. 1 "Transcript of Plea" Question 8 "Do you understand that, if you are not a citizen of the United States of America, your 'plea(s) of guilty or no contest may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law?" Answer: "Yes."; Little v. Allsbrook, 731 F.2d 238, 240 n.2 (4th Cir. 1984)(Absent extraordinary

4

circumstances, the solemn in-court representations of a defendant should be deemed conclusive); Via v. Superintendent, 643 F.2d 167, 171 (4th Cir. 1981) (same);Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) (representations made by a defendant at the plea hearing present formidable barriers to habeas corpus relief). Therefore, the decision of Padilla does not impact the statute of limitations in petitioner's case. Petitioner's habeas petition was filed out of time.

IV.     Certificate of Appealability

Having dismissed the petition, the court must now consider the appropriateness of the certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") ("the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## V. Conclusion

Accordingly, respondent's motion for dismissal of the habeas corpus petition as untimely is GRANTED and the matter is DISMISSED [D.E. 11]. The certificate of appealability is DENIED. The Clerk is DIRECTED to CLOSE the case.

SO ORDERED, this 10 day of December 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE